**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 20 1997**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

GARY MARTIN BANTA,

    Defendant-Appellant.

No. 96-4030

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
(D.C. No. 95-CR-190)

---

David J. Schwendiman, Assistant United States Attorney (Scott J. Thorley and Scott M. Matheson, Jr., Assistant United States Attorneys, with him on the brief), Salt Lake City, Utah for Plaintiff-Appellee.

Kenneth R. Brown, Salt Lake City, Utah for Defendant-Appellant.

---

Before BALDOCK, MCWILLIAMS, and EBEL, Circuit Judges.

---

BALDOCK, Circuit Judge.

---

    Defendant Gary Martin Banta appeals his sentence for bank fraud and aiding and abetting, in violation of 18 U.S.C. §§ 2 and 1344. Our jurisdiction arises under 18 U.S.C. § 3742. On appeal, Defendant argues that the district court incorrectly applied § 2F1.1 of

the United States Sentencing Commission Guidelines Manual (hereinafter Guidelines).

Specifically, Defendant argues that the district court miscalculated the amount of loss to

the victim, resulting in a higher total offense level. We review the district court's factual

determination of a U.S.S.G. § 2F1.1 loss for clear error, but the factors the district court

may properly consider are reviewed de novo. U.S. v. Galbraith, 20 F.3d 1054, 1058 (10th

Cir. 1994) (quoting United States v. Gallegos, 975 F.2d 710, 712 (10th Cir. 1992)).

Applying these standards, we affirm.

## I.

In 1994, Defendant purchased two vehicles, a Jeep Cherokee Sport and an Eagle

Vision, for a total purchase price of $49,987.65. Defendant obtained these vehicles by

submitting fraudulent loan applications to the Murray, Utah branch of First Security

Bank. In August 1994, the vehicles were repossessed and resold at a loss of $17,962.62.

Subsequently, Defendant was indicted for bank fraud, and on November 16, 1995,

pleaded guilty to Count II of a nine-count indictment. On January 25, 1996, the district

court sentenced Defendant to five months imprisonment in a halfway house followed by

four months home confinement with electronic monitoring. In so doing, the district court

adopted the probation officer's calculation of a total offense level of eleven, which

included a U.S.S.G. § 2F1.1 five-level enhancement for a loss of more than $40,000 but

less than $70,000. Defendant argues that the district court erred in adopting the five-

level enhancement based on the loss Defendant intended to inflict; and instead should

2

have applied a three-level enhancement based on the $17,962.62 actual loss sustained by the bank.[1]

Section 2F1.1 increases the base offense level for a fraud offense to account for the loss caused by the defendant. The increase is based on either the actual or intended loss, whichever is greater. United States v. Haddock, 12 F.3d 950, 963 (10th Cir. 1993); United States v. Smith, 951 F.2d 1164, 1166 (10th Cir. 1991); U.S.S.G § 2F1.1, comment. (n. 7(b)). Here, the district court concluded that Defendant intended to inflict a loss in the amount of the total purchase price of the vehicles, or $49,987.65. Because this amount was greater than the actual loss of $17,962.62, the district court used the intended loss to determine the appropriate increase to the base offense level. Defendant contends that the district court should have used actual loss because it more accurately reflects "economic reality." However, the Guidelines clearly authorize the use of intended loss under these circumstances. See Haddock, 12 F.3d at 963 (holding that intended loss may be used if it is greater than actual loss and can be determined). Therefore, the only question we must address is whether the record supports the district court's determination that Defendant

---

[1] Defendant also argues that the district court erred in failing to grant a downward departure in fixing his loss enhancement level. Although the Guidelines provide that if the § 2F1.1 loss valuation overstates the seriousness of the offense, a downward departure may be warranted, see U.S.S.G § 2F1.1, comment. (n. 7(b)), a discretionary decision not to depart downward is not reviewable unless the record shows that the district court erroneously believed that the Guidelines did not permit a departure. U.S. v. Nelson, 54 F.3d 1540, 1544 (10th Cir. 1995). In this case, nothing in the record indicates that the district court thought it lacked discretion to depart downward. Therefore, we lack jurisdiction to review this claim. See U.S. v. Belt, 89 F.3d 710, 715 (10th Cir. 1996).

did in fact intend to inflict a loss in the amount of $49,987.65.  United States v. McAlpine, 32 F.3d 484, 488 (10th Cir. 1994) (district court's factual findings will not be disturbed unless they are without support in the record).  We conclude that it does.

The record strongly suggests that Defendant did not intend to repay the loans. Defendant provided the bank with a false social security number, and an incorrect address, telephone number and place of employment, making it difficult for the lender to locate the vehicles.  While Defendant had the vehicles in his possession, he accumulated a total of 13,000 miles, and failed to make any legitimate payments on the loans.  The only payment received by the bank was a $550 check drawn on an account which Defendant knew had insufficient funds.  From this evidence, the district court could conclude that Defendant intended to permanently deprive the bank of the vehicles, resulting in an intended loss in the amount of the entire loan amount.  See United States v. Johnson, 16 F.3d 166, 173 (7th Cir. 1994).

Finally, Defendant argues that use of intended loss was improper because collateral secured the fraudulently obtained bank loans.  Because these loans were collateralized, Defendant argues that he could not have intended a loss for the face value of the loans because it would have been impossible for him to inflict such a loss.  We agree that if it was impossible for Defendant to inflict a loss in the full amount of the loans, then he cannot be punished for that amount.  Smith, 951 F.2d at 1169.  In this case, however, Defendant could have inflicted a loss in the amount of the face value of the

loans if he intended to permanently deprive the bank of the collateral by concealing the vehicles. Therefore, the district court did not improperly hold Defendant accountable for the full amount of the loans.

Based on the foregoing analysis, we conclude that the district court's application of the Guidelines was not clearly erroneous. Accordingly, the judgment of the district court is

AFFIRMED.