**UNITED STATES of America,**

v.

**Muhammad ASKARI, Appellant.**

**No. 95–1662.**

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) Nov. 6, 1996.

Argued En Banc Oct. 29, 1997.

En Banc Opinion Filed April 8, 1998.

Decided Aug. 7, 1998.

\* Judge Sloviter was Chief Judge at the time this appeal was argued. Judge Sloviter completed her term as Chief Judge on January 31, 1998.

Before: SLOVITER\* Chief Judge, BECKER, STAPLETON, MANSMANN, GREENBERG, SCIRICA, COWEN, NYGAARD, ALITO, ROTH, LEWIS, McKEE and GARTH, Circuit Judges

Present: BECKER, Chief Judge, SLOVITER, STAPLETON, GREENBERG, SCIRICA, COWEN, NYGAARD, ALITO, ROTH, McKEE, and GARTH, Circuit Judges.\*\*

Before: BECKER, McKEE and GARTH, Circuit Judges.

### ORDER SUR PETITION FOR RECONSIDERATION OF *EN BANC* OPINION

BECKER, Chief Circuit Judge.

On April 8, 1998, we filed an *en banc* opinion holding that defendant Muhammad Askari could not qualify for a departure under § 5K2.13 of the United States Sentencing Guidelines because he did not commit a "non-violent offense." *United States v. Askari*, 140 F.3d 536, 549 (3d Cir.1998) (en banc). We construed "non-violent offenses" for purposes of § 5K2.13 as "those [offenses] which do not involve a reasonable perception that force against persons may be used in committing the offense." *Id.* at 549.

One day before our opinion was filed, on April 7, 1998, the United States Sentencing Commission proposed an amendment to § 5K2.13 of the Sentencing Guidelines which provides *inter alia* that a departure for diminished capacity is not available if "the facts and circumstances of the defendant's offense indicate a need to protect the public because the offense involved actual violence or a serious threat of violence." U.S.S.G. § 5K2.13 (amendment proposed April 7, 1998). The amendment substitutes this language in place of the "non-violent offense" requirement in the current version of § 5K2.13.

\*\* Although Judge Mansmann and Judge Lewis were present on the *en banc* panel, they were unable to be present on this petition due to illness.

On April 20, 1998, the defendant (timely) filed a petition for reconsideration of our *en banc* opinion based on this proposed amendment. The defendant argues that the proposed amendment should be treated as a "clarifying amendment" under our jurisprudence, and should therefore be given considerable weight in our attempt to determine the meaning of § 5K2.13. *Citing United States v. Joshua,* 976 F.2d 844, 853 (3d Cir. 1992). On the merits, the defendant contends that, under the proposed amendment, the question of whether his offense indicates "a need to protect the public because the offense involved actual violence or a serious threat of violence" is properly for the district court to consider in the first instance on the basis of all the facts and circumstances of the offense. Since the defendant is currently serving a 210 month sentence, and could benefit from a resentencing, the question whether a remand is appropriate here holds more than purely academic interest.

The government filed an answer to the petition on May 15, 1998. It agrees with the defendant that the proposed amendment is "clarifying." However, the government rejects defendant's argument that a remand is necessary here. According to the government, because a reasonable person could infer a threat of harm from defendant's actions, his threat of violence was "serious" and therefore even under the proposed amendment the § 5K2.13 departure should still be precluded. Alternatively, the government contends that the defendant has a "long and violent criminal history," which precludes a departure under both the present and the amended versions of § 5K2.13.

A majority of the *en banc* court has voted to grant the motion for reconsideration, and hence it is hereby granted. However, the premise of the reconsideration is the Sentencing Commission's clarifying amendment to § 5K2.13 becoming operative. Since that event cannot occur until November 1, 1998 (the date by which Congress must act to prevent the amendment from taking effect), the court has decided to stay the mandate until that date, and it is hereby stayed. If Congress rejects the amendment, the original *en banc* opinion shall take effect and the clerk will issue the mandate accordingly. If Congress does not by November 1, 1998 act, the clerk shall enter an order formally vacating the opinion on the docket. The court will thereafter decide whether or not to remand the matter to the district court for further proceedings.