**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 30 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

MYRAM LYDAY, also known as
Monkey, named in Magistrates
complaint as Myron Lyday and
indicted as Myram Lyday,

    Defendant-Appellant.

No. 97-5147
(D.C. No. 96-CR-149-BU)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **HOLLOWAY**, and **BRISCOE**, Circuit Judges.

---

Defendant appeals his conviction for possession of a firearm during a drug

trafficking crime, in violation of 18 U.S.C. § 924(c)(1), and the sentence imposed.

We exercise jurisdiction pursuant to 28 U.S.C. § 1291, and affirm in part and

dismiss in part.

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

I.

The government initiated an undercover investigation in Tulsa, Oklahoma, in the summer of 1996, in an attempt to expose violations of federal firearms and controlled substances laws. In July 1996, a third party introduced Lyday to a confidential government informant, who expressed interest in purchasing crack cocaine. Lyday gave his pager number to the informant and the informant contacted Lyday a few days later to set up a meeting at the informant's apartment. Lyday sold crack cocaine to the informant and arranged for his partner, who had accompanied Lyday to the apartment, to sell the informant a .22 caliber revolver. The informant told Lyday he would like to buy more crack cocaine but could afford additional purchases only by buying and reselling guns at a profit. The informant pointedly stated his position to Lyday by telling him, "No guns, no yay (crack)." Record I, Doc. 51 at 2. Lyday agreed to help the informant locate guns for resale. Lyday called the informant the following week and the informant agreed to purchase a sawed-off rifle for resale. Lyday brought the rifle and crack cocaine to the informant's apartment on August 1, and the informant gave Lyday $100 for the rifle and $40 for the cocaine. The transaction was captured on videotape.

The complaint filed on September 24, 1996, charged Lyday with, *inter alia*, three counts of possession of a firearm during a drug trafficking crime, in

violation of 18 U.S.C. § 924(c)(1). Lyday moved to dismiss the § 924(c)(1) counts on the grounds the government had presented insufficient evidence to establish the firearms had been used or carried in relation to drug trafficking crimes. A magistrate judge dismissed those counts for lack of probable cause. Lyday was indicted by grand jury on October 4, 1996, for the same offenses charged in the original complaint. He again moved to dismiss the § 924(c)(1) charges, claiming the undisputed evidence was legally insufficient to support a conviction. The district court denied the motion.

Lyday entered into a plea agreement, agreeing to plead guilty to one count of distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), in return for the government's promise to allow him to file a new motion to dismiss the § 924(c)(1) charges and not to object to an evidentiary hearing. He further agreed to enter a conditional plea of guilty to one count of violating § 924(c)(1) in the event the court denied his motion to dismiss. The district court conducted an evidentiary hearing and denied the motion on June 25, 1997. Lyday pleaded guilty to the § 924(c)(1) charge on June 30.

Lyday argued at sentencing that the district court should depart downward because the government had engaged in "sentence entrapment." The court followed the presentence report recommendation and sentenced Lyday to consecutive terms of 24 months' imprisonment on the § 841(a)(1) count, and 120

months' imprisonment on the § 924(c)(1) count, followed by three years' supervised release.

## II.

Lyday contends the district court erred in denying his motion to dismiss the § 924(c)(1) count in the indictment. We review de novo a district court's decision to deny a motion to dismiss an indictment based on decisions of law. See United States v. McAleer, 138 F.3d 852, 855 (10th Cir. 1998) (double jeopardy question); see also United States v. Valenzuela-Escalante, 130 F.3d 944, 945 (10th Cir. 1997) (applying de novo standard to district court's interpretation of federal criminal statute). At issue here is whether the uncontroverted evidence could, as a matter of law, establish a violation of § 924(c)(1). See United States v. Richardson, 86 F.3d 1537, 1546 (10th Cir. 1996) (setting forth necessary elements of § 924(c)(1) violation).

Lyday admits he committed the underlying drug crime and that he "carried" a weapon during the drug transaction. He insists, however, that he did not use or carry the weapon "in relation to" the drug crime. [1] Noting the separate purchase prices, Lyday claims the sale of the rifle was independent and unrelated to the sale of the cocaine. He further contends the two transactions were conducted at

---

[1] Lyday also argues he did not "use" the rifle. Because § 924(c)(1) punishes a defendant for using *or* carrying a gun in relation to a drug trafficking crime, this argument is irrelevant.

the same time and place through the government's manipulation. _See_ Appellant's Br. at 13 ("In the case at bar it was *the informant*, who demanded the gun, and demanded it in such a way that 924(c) would surely apply.")

In <u>Smith v. United States</u>, 508 U.S. 223, 237-38 (1993), the Court stated the phrase "in relation to" in § 924(c)(1), means, at a minimum, that the gun must have facilitated, or have the potential of facilitating the drug trafficking offense. The Court made clear that a gun is not related to a drug trafficking crime if its presence is merely the result of an accident or a coincidence. <u>Id.</u> at 238. The facts of this case fit comfortably within the <u>Smith</u> holding. The presence of Lyday's rifle at the August 1 meeting between Lyday and the informant was not accidental. Lyday intended to bring the rifle to the drug transaction. Moreover, the gun *facilitated* the drug transaction because the informant expressly told Lyday he would not buy additional drugs unless Lyday also sold him guns.

The application of the <u>Smith</u> test in <u>United States v. Wilson</u>, 115 F.3d 1185 (4th Cir. 1997), is also instructive. In <u>Wilson</u>, a government informant went to the defendant's house to purchase drugs and was offered the opportunity to buy a gun while he was there. The informant chose to purchase only the gun. Nevertheless, the defendant was convicted of violating § 924(c)(1). The court reversed the conviction based on lack of evidence establishing a nexus between the firearm and the drug sale, explaining:

First, the tape-recorded conversations and [the informant's] testimony reveal that Wilson neither bartered nor exchanged the rifle for drugs. Second, the same evidence establishes that Wilson attempted to sell both a rifle and marijuana to [the informant]. Third, the Government failed to elicit testimony from [the informant] that the presence of the firearm influenced his decision or intimidated him into purchasing marijuana from Wilson. And fourth, [the informant] freely elected to purchase the rifle instead of the marijuana. Given the facts before us, we are hardpressed to conclude that the sale of the rifle facilitated Wilson's drug trafficking business. It was a completely independent, yet contemporaneous action.

Id. at 1191-92.

The instant action is significantly different from Wilson. Here, the firearm in Lyday's possession directly influenced the informant's decision to purchase drugs. Indeed, the informant told Lyday he would not buy additional drugs unless he could also purchase guns. The primary reason Lyday took the rifle to the informant's apartment was to maintain the informant as a steady purchaser of drugs. Under these facts, we conclude the evidence was sufficient, as a matter of law, to sustain the § 924(c)(1) conviction.

III.

Lyday also contends the district court erred by failing to grant his motion for a downward sentence departure based on sentencing entrapment. "[A] discretionary decision not to depart downward is not reviewable unless the record shows that the district court erroneously believed that the Guidelines did not permit a departure." United States v. Banta, 127 F.3d 982, 983 n.1 (10th Cir.

1997). Lyday claims the district court did not understand it had the ability to grant a downward departure based on the alleged sentencing entrapment.

During sentencing, the district court asked defense counsel whether he had found case law indicating a court "has any authority to do a downward departure on a 924(c)?" Record XIII at 25. Lyday insists this statement demonstrates the court did not understand it could grant downward departure based on sentencing entrapment. Viewed in isolation, Lyday's characterization of the comment might have some merit. However, an examination of the full sentencing transcript belies such a conclusion. The court's closing remarks underscore its recognition that, although it had the power to grant a downward departure, Lyday was not entitled to departure in this case. [2] Specifically, the court observed:

> With regard to the issue of sentencing entrapment and whether this conduct amounts to sentencing entrapment, the Court finds that it does not apply. It appears from what you have said from the witness stand that you had dealt in drugs for some time, that you had plenty of contacts and this could have been--the drugs could have been sold anywhere; it was you who [chose] to sell to the informant and also
>
> get the guns involved. No one made you do that, that was your own choice, Mr. Lyday.

Id. at 28.

---

[2] The government erroneously suggests in its brief that the district court had no authority to grant a downward departure in the absence of a government-filed motion pursuant to U.S.S.G. § 5K1.1. Had the requisite criteria been satisfied, the court could have granted a downward departure pursuant to § 5K2.0.

We agree with the district court that Lyday has failed to present facts sufficient to justify a departure based on sentencing entrapment. Claims of sentencing entrapment are analyzed under the outrageous government conduct standard. See United States v. Lacey, 86 F.3d 956, 963 (10th Cir. 1996). The relevant inquiry is whether the government's conduct is so shocking, outrageous, and intolerable that it offends "the universal sense of justice." Id. at 964. This court has condoned governmental actions that increase the severity of the defendant's punishment. See, e.g., id. at 962-66 (government informant did not act outrageously by selling defendant additional quantities of drugs after he possessed enough evidence to secure arrest and conviction). While it is somewhat troubling that the government did not explain why it insisted on buying guns from Lyday, Lyday has not established the government's conduct was so shocking, outrageous and intolerable that it offends "the universal sense of justice."[3]

We AFFIRM Lyday's conviction and DISMISS for lack of jurisdiction that portion of the appeal challenging the district court's refusal to grant a downward

---

[3] Lyday relies on United States v. Parrilla, 114 F.3d 124 (9th Cir. 1997), to support his sentencing entrapment claim. Parrilla is both factually and legally distinguishable. Unlike this circuit, the Ninth Circuit apparently does not analyze claims of sentencing entrapment as outrageous government conduct claims. Moreover, the Parrilla court remanded the case based on failure to make factual findings concerning defendant's predisposition toward selling guns. In contrast, the district court here specifically determined Lyday was predisposed to selling guns.

departure at sentencing.

Entered for the Court

Mary Beck Briscoe
Circuit Judge