F I L E D
United States Court of Appeals
Tenth Circuit

OCT 30 1998

PATRICK FISHER
Clerk

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JAMES VALDEZ,

      Defendant-Appellant.

No. 97-2316

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. No. CR-96-207-MV)**

Louis E. Valencia, Assistant United States Attorney (John J. Kelly, United States Attorney, with him on the brief), Albuquerque, New Mexico, for Plaintiff-Appellee.

Reginald J. Storment, Albuquerque, New Mexico, for Defendant-Appellant.

Before **BALDOCK**, **BRISCOE**, and **LUCERO**, Circuit Judges.

**BALDOCK**, Circuit Judge.

On March 28, 1996, Defendant James Valdez entered a branch bank of First Security Bank in Albuquerque, New Mexico, and handed a teller a hand-written note. The note stated: "I have a gun. This is a robbery." Defendant fled on foot with $1,098 in cash. Seconds later, Albuquerque police officers apprehended Defendant, who was

unarmed, in a parking lot across the street from the bank. A grand jury subsequently

indicted Defendant on one count of bank robbery in violation of the first paragraph of

18 U.S.C. § 2113(a), which provides in relevant part:

> "Whoever, by force and violence, <u>or by intimidation</u>, takes . . .from the person or presence of another . . . any property or money . . . in the care, custody, control, management, or possession of, any bank . . . [s]hall be fined under this title or imprisoned not more than twenty years, or both."

(emphasis added).[1]

Defendant pled guilty. At his sentencing hearing, Defendant moved for a

downward departure pursuant to U.S.S.G. § 5K2.13, which provides:

> If the defendant committed a <u>non-violent offense</u> while suffering from significantly reduced mental capacity not resulting from voluntary use of drugs or other intoxicants, a lower sentence may be warranted to reflect the extent to which reduced mental capacity contributed to the commission of the offense, provided that the defendant's criminal history does not indicate a need for incarceration to protect the public.

(emphasis added). Defendant argued that his history of mental problems warranted a

downward departure. Defendant reported that at the time of the robbery, he was hearing

voices directing him to commit the offense. Although the district court agreed with

Defendant that a bank robbery does not necessarily constitute a violent offense, and thus

the court was not precluded from considering Defendant's motion under § 5K2.13, the

district court concluded that Defendant had committed a violent offense under the facts of

---

[1] The second paragraph of § 2113(a), which is not involved in this case, proscribes entering or attempting to enter a bank with the intent to commit a felony therein.

2

the case. The court denied Defendant's motion and sentenced him to 37 months imprisonment.

This appeal followed. Our jurisdiction arises under 18 U.S.C. § 3742(a). We review the district court's legal interpretation of the sentencing guidelines de novo and its findings of fact in applying the guidelines for clear error. United States v. Flores, 149 F.3d 1272, 1279 (10th Cir. 1998). We conclude that because Defendant was convicted of a crime which required the use of "force and violence" or "intimidation," he was not eligible for a downward departure under § 5K2.13. Therefore, we affirm.[2]

Much has been written on the question of whether a defendant convicted of bank robbery under the first paragraph of § 2113(a) may be eligible for a downward departure under § 5K2.13, which by its plain language applies only to "non-violent" offenses. The majority of circuits addressing the question have defined the phrase "non-violent offense" in § 5K2.13 by reference to the term "crime of violence" in U.S.S.G. 4B1.2, and held that

_____

[2] On April 7, 1998, the United States Sentencing Commission proposed an amendment to § 5K2.13 of the Sentencing Guidelines, which provides among other things that a departure for diminished capacity is not available if "the facts and circumstances of the defendant's offense indicate a need to protect the public because the offense involved actual violence or a serious threat of violence." The proposed amendment substitutes this language in place of the "non-violent offense" requirement in the present version of § 5K2.13. Congress must act by November 1, 1998 to prevent the proposed amendment from becoming effective. See United States v. Askari, 151 F.3d 131 (3d Cir. 1998). We need not now decide whether such an amendment should be treated as "substantive" or "clarifying" for purposes of interpreting § 5K2.13, see United States v. Kissick, 69 F.3d 1048, 1051-1053 (10th Cir. 1995), but rather, assuming the amendment becomes law, leave that issue for Defendant to raise and brief in a petition for rehearing. See Fed. R. App. P. 40.

a defendant convicted of bank robbery under § 2113(a) is never eligible for a downward departure under § 5K2.13.[3] United States v. Mayotte, 76 F.3d 887, 888-89 (8th Cir. 1996); United States v. Borrayo, 898 F.2d 91, 93-94 (9th Cir. 1989); United States v. Maddalena, 893 F.2d 815, 818-19 (6th Cir. 1989); see also United States v. Poff, 926 F.2d 588, 589-93 (7th Cir. 1991) (en banc) (holding that § 5K2.13 does not authorize a downward departure where defendant is convicted of making threats against the President).  In contrast, the D.C. Circuit has held that § 4B1.2 does not govern the application of § 5K2.13 in the context of a § 2113(a) conviction.  Rather, the district court has broad discretion to examine the facts of the case to determine whether a particular offense was "non-violent" under § 5K2.13.  United States v. Chatman, 986 F.3d 1446, 1447-54 (D.C. Cir. 1993); see also United States v. Weddle, 30 F.3d 532, 537-40 (4th Cir. 1994) (holding that district court has discretion to determine whether mailing threatening communications is a "non-violent offense" under § 5K2.13).

Recently, in United States v. Askari, 140 F.3d 536 (3d Cir.) (en banc), mandate stayed, 151 F.3d 131 (3d Cir. 1998), the Third Circuit concluded that the definition of "crime of violence" in § 4B1.2 does not govern the meaning of the term "non-violent

---

[3] Neither § 5K2.13 nor its commentary defines the term "non-violent offense." The term crime of violence, however, is defined in the guidelines' career offender provisions.  U.S.S.G. § 4B1.2 defines crime of violence as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another . . . ."  The commentary to § 4B1.2 states that the term "crime of violence" includes robbery.  U.S.S.G. § 4B1.2, comment (n.1).

offense" in § 5K2.13. Instead, the court held that a defendant convicted of bank robbery under the first paragraph of 18 U.S.C. § 2113(a) could not qualify for a downward departure under § 5K2.13 because the requirement that the robbery occur either "by force and violence" or "by intimidation" necessarily made bank robbery a violent offense. Id. at 547-549. The court reasoned:

> Although conviction and sentencing are separate, sentencing has always been tied to the crime of conviction at least in the sense that they must be congruent. If the elements of the crime require a finding of violent conduct, then a valid conviction could hardly permit a sentence based upon a finding of non-violent conduct.

Id. at 549; see also id. at 551 (Stapleton, J., concurring) (because a bank robbery conviction under the first paragraph of § 2113(a) necessarily encompasses a finding that the offense involved actual or threatened force, characterization of the offense as non-violent under § 5K2.13 is precluded).

We need not decide at this time whether the definition of "crime of violence" in § 4B1.2 affects the meaning of the term "non-violent offense" in § 5K2.13, because we agree with the Third Circuit that the elements required to support a bank robbery conviction under the first paragraph of § 2113(a) necessarily preclude any finding that the offense was non-violent for purposes of a downward departure under § 5K2.13.[4]

---

[4] While an individual may be able to commit a bank robbery under the language of 18 U.S.C. § 2113(a) "by extortion" without the threat of violence, we do not address the application of § 5K2.13 in such a case. See Askari, 140 F.3d at 550 n.1 (Stapleton, J., concurring).

5

Defendant pled guilty to an indictment which charged him with robbing a bank "by force, violence and intimidation." We have defined intimidation in the context of § 2113(a) as an act by defendant "reasonably calculated to put another in fear, or conduct and words calculated to create the impression that any resistance or defiance by the individual would be met by force." United States v. Lajoie, 942 F.2d 699, 701 n. 5 (10th Cir. 1991) (internal quotations, citations, ellipses, and brackets omitted). Because Defendant's conviction necessarily entails a finding that he engaged in conduct involving violence or a threat thereof, the district court correctly determined that he is ineligible for a downward departure under U.S.S.G. § 5K2.13.

AFFIRMED.