**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 3 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

OSCAR GUSTAVO NUNEZ-
DURAN, also known as Oscar
Gustavo Duran-Nunez, also known as
Oscar Duran,

Defendant-Appellant.

No. 97-1347
(D. Ct. No. 97-CR-101-B)
(D. Colo.)

**ORDER AND JUDGMENT** *

Before **TACHA** , **HENRY** , and **MURPHY** , Circuit Judges.

Defendant Oscar Gustavo Nunez-Duran appeals an order of the district

court sentencing him to a term of forty-six months in prison followed by three

years of supervised release. He also appeals the court's denial of his motion to

reconsider the sentence. The imposed sentence resulted from defendant's plea of

guilty to violating 8 U.S.C. § 1326(a) and (b)(2) by reentering the United States

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

after having previously been deported subsequent to an aggravated felony conviction.

First, defendant argues that the district court erred in refusing to grant his motion for downward departure. He claims that the sentencing court impermissibly "traded" its inclination to grant defendant's motion for a one level reduction in the criminal history category for the government's proposed § 5K1.1 sentence reduction recommendation. Second, defendant asserts that the use of the same prior convictions to calculate both the defendant's criminal history category and the base offense level constitutes a violation of the multiple punishment clause of the Fifth Amendment to the United States Constitution. We affirm.

I.

Defendant Nunez-Duran was involved in a series of drug-related incidents in Oregon during 1995 and 1996. While serving his sentence on those convictions, defendant received a final deportation order from the Immigration and Naturalization Service and voluntarily left the United States in July of 1996 in lieu of being deported. In January of 1997, defendant was arrested in Denver, Colorado on a drug-related charge. On motion of the government, the district court dismissed the federal criminal complaint issued in that incident after the return of the indictment in this matter. Defendant pled guilty to the charge of

2

reentering the United States after having been deported subsequent to an aggravated felony conviction in violation of 8 U.S.C. § 1326(a) and (b)(2). The plea agreement provided that in exchange for defendant's cooperation in the investigation of another individual, the government would recommend a sentence at the low end of the applicable guideline range. The district court sentenced Nunez-Duran to a term of forty-six months in prison.

II.

At the sentencing hearing, defendant sought a downward departure from the Sentencing Guideline Criminal History Category IV on grounds that the category overstated the seriousness of his criminal history since he was only a low-level, drug-dependent substance dealer. The government moved for a sentence reduction pursuant to § 5K1.1 of the United States Sentencing Guidelines, based on Defendant's substantial assistance. The district court granted the government's motion but denied the defendant's motion for an additional downward departure.

Defendant argues on appeal that the court should have considered these reductions separately and erred in refusing to grant a further departure from the already reduced sentence. It is well settled in this circuit that we have no jurisdiction to review the district court's discretionary refusal to depart downward. See, e.g., United States v. Castillo, 140 F.3d 874, 888 (10th Cir.

3

1998); United States v. Banta, 127 F.3d 982, 983 n.1 (10th Cir. 1997); United States v. Belt, 89 F.3d 710, 714 (10th Cir. 1996); United States v. Barrera-Barron, 996 F.2d 244, 245 (10th Cir. 1993).

No duty compels the district court to consider separately the government's substantial assistance motion and any downward departure motion made by defendant. The district court had full discretion in deciding whether to depart downward. This was not affected by the government's motion. Therefore, we dismiss this portion of the appeal.

### III.

Defendant also asserts on appeal that the trial court erred in denying his motion to reconsider his sentence because the district court used the same prior convictions to calculate both the criminal history category and the base offense level. Defendant claims that the use of a prior conviction in not one, but two, sentencing calculations constitutes multiple punishment in violation of the Fifth Amendment Double Jeopardy Clause. We find that this claim is without merit.

The Double Jeopardy Clause "protects a criminal defendant from multiple prosecutions and from multiple punishments for the same conduct." United States v. Overstreet, 40 F.3d 1090, 1098 (10th Cir. 1994) (citing United States v. Dixon, 509 U.S. 688, 695-96 (1993)). However, the multiple punishment prong of the Clause "does no more than prevent the sentencing court from prescribing

4

greater punishment than the legislature intended." Missouri v. Hunter, 459 U.S. 359, 366 (1983). The district court sentenced defendant to forty-six months imprisonment, which was well within the range authorized by 8 U.S.C. § 1326(b)(2). "Calculation under the Federal Sentencing Guidelines of the proper sentence within the statutory range established by Congress . . . does not constitute multiple punishment." United States v. Alvarez, 914 F.2d 915, 920 (7th Cir. 1990), superceded on other grounds by Stinson v. United States, 508 U.S. 36 (1993); see also United States v. Saunders, 973 F.2d 1354, 1365 (7th Cir. 1992); United States v. Amis, 926 F.2d 328, 329-30 (3d Cir. 1991); cf. Witte v. United States, 515 U.S. 389, 399 (1995) ("[U]se of evidence of related criminal conduct to enhance a defendant's sentence for a separate crime *within the authorized statutory limits* does not constitute punishment . . . within the meaning of the Double Jeopardy Clause.") (emphasis added).

Therefore, we hold that the district court did not err in refusing to reconsider the defendant's sentence and AFFIRM.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge