**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 5 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ADAM GREGORY ORR,

Defendant-Appellant.

No. 98-6104
(D.C. No. CR-97-172-A)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.

Defendant Adam Gregory Orr appeals his conviction and sentence for attempted escape from county jail. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and affirm.

I.

On August 3, 1997, Orr was incarcerated in a single occupancy cell on the tenth floor of the Oklahoma County Jail awaiting sentencing on federal firearms

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

convictions. Orr had a non-contact visit with his mother that afternoon at the jail. After she left, Orr told a correctional officer that he had information about a possible escape attempt. During the conversion, Orr admitted he had been planning the escape but that his mother had convinced him to abandon the plan. Orr divulged all of the details of the escape plan because he thought the authorities "would be easier on him if he came forward and confessed." Record III at 37.

Orr was indicted for attempted escape, in violation of 18 U.S.C. § 751(a). Prior to trial, the government gave notice pursuant to Fed. R. Evid. 404(b) that it intended to introduce evidence of Orr's previous uncharged escape and illegal possession of contraband offenses. Orr responded with a motion in limine to exclude all such evidence as irrelevant and unduly prejudicial. The district court determined the probative value of the 404(b) evidence was not substantially outweighed by its potential for unfair prejudice and authorized admission of certain relevant conduct. A jury found Orr guilty of attempted escape and he was sentenced to thirty months' imprisonment.

## II.

**Sufficiency of evidence**

Orr contends there was insufficient evidence to support his conviction. Sufficiency of the evidence is a question of law subject to de novo review.

United States v. Carter, 130 F.3d 1432, 1439 (10th Cir. 1997), cert. denied, 118 S. Ct. 1856 (1998). Evidence is sufficient to support a conviction if the evidence and all reasonable inferences derived therefrom, viewed in a light most favorable to the government, would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt. Id. In undertaking this analysis, we do not scrutinize individual pieces of evidence in isolation; rather, we examine the sufficiency of the evidence by "considering the collective inferences to be drawn from the evidence as a whole." Id. We will reverse a defendant's conviction only if no reasonable jury could have reached the disputed verdict. Id.

To secure a conviction under 18 U.S.C. § 751(a), the government must prove beyond a reasonable doubt that defendant (1) escaped or attempted to escape, (2) from the custody of the Attorney General or from an institution in which he was confined by the Attorney General, (3) where the custody or confinement was by virtue of an arrest on a felony charge or conviction of any offense. United States v. Dickerson, 77 F.3d 774, 776 (4th Cir. 1996); United States v. Davis, 8 F.3d 923, 927 (2d Cir. 1993); United States v. Harper, 901 F.2d 471, 473 (5th Cir. 1990); United States v. Vanover, 888 F.2d 1117, 1121 (6th Cir. 1989). Orr challenges only the first prong of this test, contending he did not attempt to escape.

> A person is guilty of attempt if, acting with the kind of culpability otherwise required for commission of the crime, he purposely does or omits to do anything which, under the circumstances as he believes them to be, is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of a crime.

Davis, 8 F.3d at 927 (citations and alterations omitted). Thus, the crime of attempt requires proof of (1) the requisite criminal intent, and (2) an act or omission marking a "substantial step" in furtherance of the substantive offense. United States v. Sullivan, 919 F.2d 1403, 1429 (10th Cir. 1990). The threshold substantial step must entail "conduct strongly corroborative of the firmness of the defendant's criminal intent." United States v. Savaiano, 843 F.2d 1280, 1296 (10th Cir. 1988).

Orr insists he did little more than engage in preparation for a possible escape and did not take any substantial steps to consummate his intentions. The dividing line between preparation and attempt is difficult to discern. Conduct may amount to a substantial step if it is "something more than mere preparation, yet [perhaps] less than the last act necessary before the actual commission of the substantive crime." Davis, 8 F.3d at 927 (quotations omitted). Therefore, the inquiry is highly fact specific. See United States v. DeSantiago-Flores, 107 F.3d 1472, 1479 (10th Cir. 1997), overruled on other grounds in United States v. Holland, 116 F.3d 1353 (10th Cir. 1997). We have noted the substantial step test *shifts the emphasis* from what remains to be done, the chief concern

-4-

of the proximity tests, *to what the actor has already done. That further major steps must be taken before the crime can be completed does not preclude a finding that the steps already undertaken are substantial.* It is expected, in the normal case, that this approach will broaden the scope of attempt liability.

Savaiano , 843 F.2d at 1297.

Viewed in the light most favorable to the government, there is ample evidence to support defendant's attempted escape conviction. In United States v. Prichard , 781 F.2d 179, 181-82 (10th Cir. 1986), we held the reconnoitering of the object of a crime, combined with the collection of instruments to be used in that crime, constituted a "substantial step" for purposes of an attempt offense. Orr's acts easily satisfy that test. At the time of his "confession," Orr had developed an elaborate plan of escape, had spent more than a week engineering a digging tool from his desk, had dug a hole in the wall between his cell and an adjacent cell, and had constructed a makeshift rope from prison blankets. As the district court correctly observed in its sentencing order, only minor details remained for Orr to successfully complete his escape. There was sufficient evidence to support the conviction.

**Rule 404(b) evidence**

Orr argues the district court erroneously admitted evidence of his prior escape and prior possessions of contraband under Fed. R. Evid. 404(b), which

-5-

provides in relevant part:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

We review the district court's decision to admit Rule 404(b) evidence for an abuse of discretion. United States v. Hardwell, 80 F.3d 1471, 1488 (10th Cir. 1996).

There are four requirements for admissibility under Rule 404(b): (1) evidence of other crimes, wrongs, or acts must be introduced for a proper purpose; (2) the evidence must be relevant; (3) the court must make a Rule 403 determination whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and (4) the court, upon request, must instruct the jury that the evidence of similar acts is to be considered only for the limited purpose for which it was admitted. Huddleston v. United States, 485 U.S. 681, 691-92 (1988); United States v. Fitzherbert, 13 F.3d 340, 343 (10th Cir. 1993). The district court conducted a hearing and determined the evidence could be used to show Orr's plan, intent, knowledge, motive, and absence of mistake with regard to the attempted escape charge.[1]

---

[1] The district court permitted Orr to maintain a standing objection to the 404(b) evidence. We have severely criticized use of continuing objections,

(continued...)

Orr's theory in this case was that he abandoned his escape attempt. Although neither side broaches the issue, it is not clear that abandonment is a valid defense to an attempt crime. The problem with such a defense is that a defendant may have taken the requisite "substantial step" in furtherance of the crime, thus completing the attempt, before deciding to renounce or abandon consummation of the offense. United States v. Shelton, 30 F.3d 702, 705 (6th Cir. 1994).

If abandonment is a proper affirmative defense to an attempt crime, Orr's prior escape and contraband possession charges were correctly admitted to rebut his abandonment theory. The evidence underscored that Orr's conduct was not an isolated occurrence, but was part of a longstanding plan/intent to escape from custody. The government sought to show the only reason Orr revealed his escape plans was because his mother informed him officials had increased pressure on her and were planning to increase their surveillance of Orr. Considering Orr's mother had facilitated an earlier escape, the evidence was particularly important to show his motivations for disclosing his plans.

If abandonment is not a valid defense, Orr's prior bad acts are still relevant.

---

[1](...continued)
particularly with respect to evidence offered pursuant to Rules 403 and 404. See United States v. McVeigh, 153 F.3d 1166, 1199-1201 (10th Cir. 1998). Nevertheless, we proceed under the assumption that Orr sufficiently preserved his objections to the 404(b) evidence.

His prior escape and prior possession of contraband highlight his planning, preparation, and intent to flee. His repeated comments to jail officials regarding his steadfast intent to escape buttress this evidence. The fact that Orr employed a different method of escape and utilized tools unique from those found in his possession earlier is irrelevant. See United States v. Archer, 843 F.2d 1019, 1023-24 (7th Cir. 1988). Each incident reflects his desire and intent to escape and demonstrates his knowledge regarding specific modes of escape. By insisting he had renounced any escape plans, Orr put his intent directly at issue and the government had every right to attack this theory with evidence of prior escape attempts. See Hardwell, 80 F.3d at 1489 (government may admit prior bad acts under 404(b) to show predisposition when defendant raises entrapment defense). As Orr's intent was a disputed and critical issue in this case, the district court did not abuse its discretion in admitting evidence of prior bad acts pursuant to 404(b).

**Sentencing**

Orr contends the district court improperly applied the sentencing guideline for escape, U.S.S.G. § 2P1.1, rather than the guideline for attempt, U.S.S.G. § 2X1.1. We review the district court's legal interpretation of the sentencing guidelines de novo and its findings of fact in applying the guidelines for clear error. United States v. Valdez, 158 F.3d 1140, 1141 (10th Cir. 1998).

The actual source of Orr's concern rests in the district court's refusal to grant a three-level reduction pursuant to § 2X1.1(b)(1). Under the general attempt guideline, the court must apply the "base offense level from the guideline for the substantive offense [§ 2P1.1], plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty." U.S.S.G. § 2X1.1(a). Here, the court correctly applied a base offense level of 13, as derived from § 2P1.1.

The attempt guideline also contemplates a reduction in the base offense level for certain eligible defendants:

> If an attempt, decrease by 3 levels, unless the defendant completed all the acts the defendant believed necessary for successful completion of the substantive offense or the circumstances demonstrate that the defendant was about to complete all such acts but for apprehension or interruption by some similar event beyond the defendant's control.

Id. § 2X1.1(b)(1). The district court acknowledged this provision, but determined Orr was not entitled to such a reduction:

> The evidence at trial demonstrated that the defendant was about to complete all acts necessary for the escape "but for apprehension or interruption by some similar event beyond the defendant's control." Only minor details remained for defendant to successfully complete his escape. The evidence at trial was that defendant did not voluntarily abandon his escape but did so only after it became clear that he would probably be caught if he attempted to escape. Therefore, pursuant to U.S.S.G. § 2X1.1(b)(1), no decrease is warranted.

Record I, Doc. 26 at 4. We see no clear error in this assessment of the facts.

At oral arguments, Orr insisted he was entitled to a three-point reduction pursuant to § 2X1.1(b)(1) because nothing *beyond* his control contributed to interruption of his plans or to his apprehension. We disagree. ATF agents had visited the home of Orr's mother only two days prior to Orr's confession. During her visit to the jail, Orr's mother pressured Orr to disclose his escape intentions. This evidence is sufficient to support a finding of "constructive apprehension." The record suggests the primary reason Orr opted not to carry out the final stages of his escape attempt was because he feared capture by authorities.

> In most prosecutions for conspiracies or attempts, the substantive offense was substantially completed or was interrupted or prevented on the verge of completion by the intercession of law enforcement authorities or the victim. In such cases, no reduction of the offense level is warranted. Sometimes, however, the arrest occurs well before the defendant or any co-conspirator has completed the acts necessary for the substantive offense. Under such circumstances, a reduction of 3 levels is provided under § 2X1.1(b)(1) or (2).

U.S.S.G. § 2X1.1, comment (backg'd). The Sentencing Commission felt "near accomplishment of the criminal object" implicated a sufficiently high degree of actual harm and revealed a sufficient degree of culpability to justify the identical punishment that would be imposed for a completed crime. United States v. Chapdelaine, 989 F.2d 28, 36 (1st Cir. 1993). "It is nearness of the crime to achievement--not the precise nature of the involuntary interruption--that defeats the reduction available for conspiracies and attempts that have not progressed very far." Id.; accord United States v. Medina, 74 F.3d 413, 419 (2d Cir. 1996).

Orr was on the verge of completing the final acts of his attempted escape when his mother visited him in jail. The district court did not err in denying a three-level reduction under § 2X1.1(b)(1).

Orr's conviction and sentence are AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge