**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 19 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

STEVEN LADD FRITZ,

Defendant - Appellant.

No. 98-5155
(D. Ct. No. 97-CR-152-H)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This appeal is from a criminal conviction and sentence following defendant Fritz's guilty plea to Count Seven of a forty-count superceding indictment. Count Seven charged Forged Securities, Uttering and Possession, in violation of

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

18 U.S.C. § 513(a).  Defendant argues on appeal that the district court erred in denying defendant's objections to the computation of the United States Sentencing Guidelines contained in the presentence investigation report.  He further asserts that the district court abused its discretion in denying the defendant's motion for downward departure.  We affirm.

We review the district court's interpretation and application of the Sentencing Guidelines de novo and its underlying findings of fact for clear error. See United States v. Flores, 149 F.3d 1272, 1279 (10th Cir. 1998);  United States v. Tagore, 158 F.3d 1124, 1127 (10th Cir. 1998);  United States v. Valdez, 158 F.3d 1140, 1141 (10th Cir. 1998).  The court sentenced defendant under United States Sentencing Guidelines § 2F1.1(b)(6) which allows for a four-level increase if the offense "substantially jeopardized the safety and soundness of a financial institution."[1]  The district court found that Mr. Fritz's activities substantially jeopardized the safety and soundness of S.C. Costa Company, Inc. ("Costa") as a financial institution.  We agree with the district court that Costa is, without question, a financial institution within the meaning of the Sentencing Guidelines. We further find that the district court did not commit clear error in its factual determination that defendant's activities substantially jeopardized the safety and

---

[1]In the 1998 United States Sentencing Guidelines, promulgated subsequent to the sentencing of Mr. Fritz, this provision appears at section 2F1.1(b)(7).

soundness of Costa. Therefore, we affirm the district court's application of United Stated Sentencing Guideline § 2F1.1(b)(6) in this case.

Defendant additionally argues that the district court abused its discretion in denying his motion for downward departure. We have no jurisdiction to review the district court's discretionary decision not to depart downward. See United States v. Castillo, 140 F.3d 874, 888 (10 th Cir. 1998); United States v. Banta, 127 F.3d 982, 983 n.1 (10 th Cir. 1997); United States v. Belt, 89 F.3d 710, 714 (10 th Cir. 1996); United States v. Barrera-Barron, 996 F. 2d 244 (10th Cir. 1993).

Defendant's appointed counsel in this matter has filed a brief pursuant to Anders v. State of California, 386 U.S. 738, 87 S. Ct. 1396 (1967), and has filed a motion to withdraw as counsel of record. We grant the motion to withdraw and affirm the judgment sentencing defendant pursuant to the provisions of the United States Sentencing Guidelines.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge