FILED
United States Court of Appeals
Tenth Circuit

July 9, 2018

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MATTHEW CLAYTON LLOYD,

    Defendant - Appellant.

No. 16-2219
(D.C. Nos. 1:16-CV-00513-JB-WPL,
1:07-CR-02238-JB-1 &
1:08-CR-03048-JB-1)
(D.N.M.)

_____

ORDER AND JUDGMENT[*]
_____

Before **LUCERO**, **HARTZ**, and **MORITZ**, Circuit Judges.
_____

Matthew Lloyd appeals the dismissal of his 28 U.S.C. § 2255 motion. Exercising

jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, we affirm.

**I**

Lloyd pled guilty in federal court to two counts of armed bank robbery in violation

of 18 U.S.C. § 2113(a), (d); one count of carjacking in violation of 18 U.S.C. § 2119; and

one count of using and brandishing a firearm during and in relation to a crime of violence

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

(armed bank robbery) in violation of 18 U.S.C. § 924(c)(1)(A).  The district court imposed the 27-year sentence specified by the parties' Rule 11(c)(1)(C) plea agreement. In doing so, the court apportioned seven years to the § 924(c) count consecutive to a total of twenty years for the robbery and carjacking counts.  It did not identify which clause of § 924(c) applied.[1]

In 2016, Lloyd filed a § 2255 motion to vacate his § 924(c) sentence.  He argued that his sentence could not be predicated on armed bank robbery after Samuel Johnson v. United States, 135 S. Ct. 2551, 2557 (2015).  The district court rejected Lloyd's argument, concluding that even if Samuel Johnson invalidated § 924(c)'s residual clause, armed bank robbery nevertheless qualifies as a crime of violence under § 924(c)'s elements clause.  We granted Lloyd a certificate of appealability.

## II

"We review the district court's legal rulings on a § 2255 motion de novo and its findings of fact for clear error."  United States v. Harris, 844 F.3d 1260, 1263 (10th Cir. 2017), cert. denied, 138 S. Ct. 1438 (2018) (quotation and alteration omitted).  Whether

_____

[1] The term "crime of violence" is defined in two clauses of § 924(c)(3).  The first clause, known as the elements clause, includes a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."  § 924(c)(3)(A).  The second clause, known as the residual clause, includes a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." § 924(c)(3)(B).

an offense constitutes a crime of violence for purposes of § 924(c) is a legal question we review de novo. United States v. Serafin, 562 F.3d 1105, 1107 (10th Cir. 2009).[2]

To determine whether a predicate crime constitutes a crime of violence, we employ the categorical approach, looking "only to the fact of conviction and the statutory definition of the prior offense" without regard to "the particular facts disclosed by the record of conviction." Serafin, 562 F.3d at 1107-08. In doing so, "we must presume that the conviction rested upon nothing more than the least of the acts criminalized, and then determine whether even those acts are encompassed by the [statute]." Moncrieffe v. Holder, 569 U.S. 184, 190-91 (2013) (quotation and alteration omitted).

The federal bank robbery statute provides in part:

> Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association . . . [s]hall be fined under this title or imprisoned not more than twenty years, or both.

§ 2113(a). Subsection (d) elevates simple bank robbery to armed bank robbery by proscribing "the use of a dangerous weapon or device" to "assault[ ]" or "put[ ] in

---

[2] Like the district court, we need not decide the extent to which Lloyd's sentence arises from his Rule 11(c)(1)(C) agreement, rather than § 924(c), given that he is not eligible for resentencing in any event. We also note that after the district court denied Lloyd's § 2255 motion and the parties completed their appellate briefing, this court held that § 924(c)'s residual clause, like the Armed Career Criminal Act's residual clause, violates due process. United States v. Salas, 889 F.3d 681, 686 (10th Cir. 2018) (citing Sessions v. Dimaya, 138 S. Ct. 1204, 1223 (2018), which invalidated § 924(c)(3)(B)'s counterpart in 18 U.S.C. § 16).

jeopardy the life of any person." § 2113(d); see also United States v. Davis, 437 F.3d 989, 993 (10th Cir. 2006).

Lloyd argues that bank robbery "by intimidation" is not a crime of violence because it can be accomplished without an intentional use of force. The term "crime of violence" does not "encompass accidental or negligent conduct." Leocal v. Ashcroft, 543 U.S. 1, 11 (2004) (discussing 18 U.S.C. § 16). But "§ 2113(a) requires more than mere recklessness or negligence; it requires proof of general intent—that is, that the defendant possessed knowledge with respect to the actus reus of the crime (here, the taking of property of another by force and violence or intimidation)." United States v. Deiter, 890 F.3d 1203, 1213 (10th Cir. 2018) (quotation, alteration, citation, and emphasis omitted). And because "intimidation requires a purposeful act that instills objectively reasonable fear (or expectation) of force or bodily injury, . . . federal bank robbery convictions categorically qualify as crimes of violence." United States v. McCranie, 889 F.3d 677, 680-81 (10th Cir. 2018) (interpreting the similarly worded elements clause of U.S.S.G. § 4B1.2(a)(1)); accord In re Sams, 830 F.3d 1234, 1239 (11th Cir. 2016) (per curiam) (applying § 924(c)(3)'s elements clause and collecting cases holding that bank robbery by force and violence or by intimidation qualifies as a crime of violence). Given that "bank robbery is a lesser-included offense of § 2113(d) armed bank robbery, armed bank robbery is also a crime of violence" within the meaning of § 924(c)(3)'s elements clause. United States v. McNeal, 818 F.3d 141, 157 (4th Cir. 2016); accord United States v. Watson, 881 F.3d 782, 786 (9th Cir. 2018) (per curiam) ("Because bank robbery 'by

4

force and violence, or by intimidation' is a crime of violence, so too is armed bank robbery.").

Lloyd further argues that because bank robbery can be committed "by extortion," the crime does not necessarily involve the use of physical force. See Curtis Johnson v. United States, 559 U.S. 133, 140 (2010) (stating that "in the context of a statutory definition of 'violent felony,' the phrase 'physical force' means violent force—that is, force capable of causing physical pain or injury to another person");[3] United States v. Valdez, 158 F.3d 1140, 1143 n.4 (10th Cir. 1998) (stating that "an individual may be able to commit a bank robbery under the language of 18 U.S.C. § 2113(a) 'by extortion' without the threat of violence"). But Lloyd was convicted of armed bank robbery, which involves the use of a dangerous weapon or device to either assault a person or jeopardize his life. § 2113(d). Employing such a weapon or device "necessarily threatens the use of" violent force. United States v. Maldonado-Palma, 839 F.3d 1244, 1250 (10th Cir. 2016), cert. denied, 137 S. Ct. 1214 (2017).

### III

**AFFIRMED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge

---

[3] In United States v. Melgar-Cabrera, No. 16-2018, 2018 WL 2749713, at *8 (10th Cir. June 8, 2018), this court held that Curtis Johnson's definition of "physical force" as "violent force" applies to § 924(c)(3)(A).