PUBLISH

UNITED STATES COURT OF APPEALS

**Filed 9/3/96**

TENTH CIRCUIT

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | (Consolidated) |
| vs. | No. 95-3216 |
| KRISTEN M. MAPLES, | |
| Defendant-Appellant. | |

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | |
| vs. | No. 95-3217 |
| MICHAEL TODD MAPLES, | |
| Defendant-Appellant. | |

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | |
| vs. | No. 95-3247 |
| JAMES M. SIMPSON, | |
| Defendant-Appellant. | |

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. Nos. 94-10101-01, -02, -03)

───────────────

David Lind, Assistant United States Attorney (Randall K. Rathbun, United States Attorney and Montie L. Deer, Assistant United States Attorney with him on the brief), Wichita, Kansas, for Plaintiff-Appellee in No. 95-3217.

Cyd Gilman, Assistant Federal Public Defender, Wichita, Kansas, for Defendant-Appellant Michael Todd Maples in No. 95-3217.

Nos. 95-3216 and 95-3247 were submitted on the briefs.[1]

Montie R. Deer, Assistant United States Attorney and Randall K. Rathbun, United States Attorney, Wichita, Kansas, for Plaintiff-Appellee.

T. Lynn Ward, Hershberger, Patterson, Jones & Roth, L.C., Wichita, Kansas, for Defendant-Appellant Kristen Maples.

Jeff Griffith, Griffith & Griffith, Derby, Kansas, for Defendant-Appellant James Marlin Simpson.

───────────────

Before KELLY, LOGAN and BRISCOE, Circuit Judges.

───────────────

KELLY,  Circuit Judge.

───────────────

Defendant Kristen Maples pled guilty to conspiracy to possess with the intent to

───────────────

[1] After examining the briefs and the appellate records in Nos. 95-3216 and 95-3247, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of these appeals.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  They are therefore ordered submitted without oral argument.

distribute cocaine base, 21 U.S.C. § 846, and possession with intent to distribute cocaine base, 21 U.S.C. §841(a)(1), 18 U.S.C. § 2, and was sentenced to 70 months incarceration. Defendant Michael Maples pled guilty to two counts of possession with intent to distribute cocaine base, 21 U.S.C. § 841(a)(1), 18 U.S.C. § 2, and was sentenced to 84 months incarceration. Defendant James Marlin Simpson pled guilty to distributing cocaine base, 21 U.S.C. § 841(a)(1), 18 U.S.C. § 2, and was sentenced to 63 months incarceration. Defendants appeal their sentences claiming that the district court improperly denied them downward departures pursuant to U.S.S.G. § 5K2.0. We grant Defendants' joint motion to consolidate and accordingly consider their appeals together.[2]

Discussion

We review de novo a district court's conclusion that it is without authority to grant a downward departure. United States v. Sanders, 18 F.3d 1488, 1490-91 (10th Cir 1994). District courts have statutory authority to depart downward from Guideline sentences if "the court finds that there exists . . . [a] mitigating circumstance of a kind . . . not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. §3553(b); see also U.S.S.G. § 5K2.0 (policy statement); United States v. Ziegler, 39 F.3d 1058, 1060 (10th Cir. 1994).

---

[2] The government filed a motion to dimiss in Nos. 95-3216 and 95-3217. During oral argument in No. 95-3217, the government withdrew the motion.

Defendants contend that the district erred in holding that it lacked jurisdiction to grant them downward departures in light of the Sentencing Commission's recent recommendation to Congress to abolish the 100:1 sentencing differential between crack and powder cocaine. See United States Sentencing Commission, Amendments to the Sentencing Guidelines for the United States Courts, 60 Fed. Reg. 25074, 25075-76 (1995); Special Report to the Congress: Cocaine and Federal Sentencing Policy 195 (Feb. 1995). Absent an ex post facto problem, the district court is required to apply the Guideline provisions in effect at the time of sentencing and, by definition, a pending recommendation is not yet in effect. See 18 U.S.C. § 3553(a)(4)(A); United States v. Kissick, 69 F.3d 1048, 1052 (10th Cir. 1995); United States v. Richards, 5 F.3d 1369, 1372 n.1 (10th Cir. 1993). In declining to depart downward based upon a proposed amendment to the Sentencing Guidelines, the district court acted properly as it was bound by statute to apply the existing Guidelines, policy statements and official commentary. 18 U.S.C. § 3553(b); United States v. Canales, 1996 WL 435942, at * 6 (2d Cir. Aug. 5, 1996).

Congress has now rejected the Commission's recommendation, voting instead to preserve the higher sentences for crack-related crimes. See Pub.L.104-38, § 1, 109 Stat. 334. Accordingly, Defendants Michael and Kristen Maples' sentences are affirmed because the district court lacked power to depart and the sentencing disparities of the current scheme have not only been considered by Congress and the President, but also

retained.  See United States v. Lewis, 1996 WL 406653, at * 3 (8th Cir. July 22, 1996).

Unlike Defendants Maples, Defendant Simpson did not condition his argument on adoption by Congress of the Commission's recommendation.  Rather, Mr. Simpson argues that the Commission's recommendation indicates a failure to adequately consider the differences between crack and powder cocaine when initially drafting the Guidelines under which Mr. Simpson was sentenced.  Aplt. Br. (No. 95-3247) at 8.  That the Commission recommended the elimination of the sentencing differential for crack in no way indicates that it failed to adequately consider the differences between crack and powder cocaine when it originally adopted the guidelines.  See United States v. Ambers, 85 F.3d 173, 177 (4th Cir. 1996); United States v. Anderson, 82 F.3d 436, 440-41 (D.C. Cir. 1996).  To the contrary, the Commission in fact did consider the distinction when formulating the Guidelines.  See United States v. Alton, 60 F.3d 1065, 1068-69 (3d Cir.), cert. denied, 116 S. Ct. 576 (1995).  Furthermore, the expansive issue of appropriate sentencing levels for crack offenses is not the sort of discrete, individual and case-specific mitigating circumstances justifying downward departure under 18 U.S.C. § 3553(b).  See Canales, 1996 WL 435942, at * 7; United States v. Bynum, 3 F.3d 769, 775 (4th Cir.1993), cert. denied, 114 S.Ct. 1105 (1994).

AFFIRMED.