107 F.3d 923
 323 U.S.App.D.C. 290
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
Laverne LEWIS, Appellant.
 No. 96-3028.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 17, 1996.
 
 Before SILBERMAN, RANDOLPH, and ROGERS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C.CIR.RULE 36(b). It is
 
 
 2
 ORDERED and ADJUDGED that the district court's order entered February 27, 1996, reaffirming the judgment entered July 5, 1995, be affirmed. As conceded by appellant, her arguments are contrary to the law of this circuit. See United States v. Oscar Anderson, 82 F.3d 436 (D.C.Cir.1996), reh'g and reh'g en banc denied (June 26, 1996). Moreover, other circuits have also rejected the "disparity" and "unusual circumstance" arguments advanced by appellant as grounds for reducing her sentence. See United States v. Maples, 1996 WL 496279 (10th Cir. Sept. 3, 1996) (downward departures properly denied, since Congress considered the sentencing disparity before approving the guidelines, and Commission recommendation regarding disparity not in effect at the time of sentencing); United States v. Teague, 1996 WL 473655 (2d Cir. Aug. 22, 1996) (downward departure denied because Congress had rational basis for establishing sentencing disparity, and because case not "atypical"); United States v. Lewis, 90 F.3d 302 (8th Cir.1996) (no grounds for departure where sentencing disparity not an aggravating or mitigating circumstance peculiar to appellant's case); United States v. Arrington, 73 F.3d 144 (7th Cir.1996) (downward departure denied, since sentencing disparity's disparate impact on African Americans does not present the "atypical" or "unusual circumstances" required for departure).
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.CIR.RULE 41.