UNITED STATES COURT OF APPEALS
**Filed 12/20/96**
FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

LASTER DAVID TYLER,

Defendant-Appellant.

No. 96-1035
(D.C. No. 95-CR-114-N)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before PORFILIO, ALARCON,[**] and LUCERO, Circuit Judges.

Defendant-appellant Laster David Tyler appeals from the sentence imposed

for his two convictions for distribution and possession, with intent to distribute,

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] Honorable Arthur L. Alarcon, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

cocaine base, in violation of 21 U.S.C. § 841.[1]  Defendant argues (1) this court

should reconsider the issue of whether the more harsh sentences provided for

convictions involving cocaine base, as compared to convictions involving powder

cocaine, deprive African-Americans equal protection under the law; and (2) even

if this sentencing disparity is constitutional, the district court erred in refusing to

acknowledge that it had discretion to consider a downward departure from the

guidelines' sentencing determination, based upon the Sentencing Commission's

report to Congress recommending elimination of this sentencing disparity.

Congress subsequently rejected that recommendation.  We review de novo.  See

United States v. Maples, 95 F.3d 35, 37 (10th Cir. 1996); United States v.

Angulo-Lopez, 7 F.3d 1506, 1508 (10th Cir. 1993), cert. denied, 114 S. Ct. 1563

(1994).

This circuit has repeatedly rejected equal protection challenges to the

sentencing disparity between cocaine base and powder cocaine convictions.  E.g.,

United States v. McKneely, 69 F.3d 1067, 1080 (10th Cir. 1995); United States v.

Williamson, 53 F.3d 1500, 1530 (10th Cir.), cert. denied, 116 S. Ct. 218 (1995).

Defendant's argument that Congress's rejection of the Sentencing Commission's

---

[1]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore
ordered submitted without oral argument.

recommendation to eliminate this sentencing disparity requires reconsideration of these holdings does not free us from the binding precedent of circuit authority. This panel cannot overrule existing precedent absent en banc consideration or a superseding contrary decision of the United States Supreme Court. <u>Haynes v. Williams</u>, 88 F.3d 898, 900 n.4 (10th Cir. 1996).

The district court did not have discretion to grant a downward departure based upon the Sentencing Commission's recommendation, which was subsequently rejected by Congress. <u>Maples</u>, 95 F.3d at 37.

The judgment of the United States District Court for the District of Colorado is, therefore, AFFIRMED.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge