104 F.3d 368
 97 CJ C.A.R. 32
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Laster David TYLER, Defendant-Appellant.
 No. 96-1035.
 United States Court of Appeals, Tenth Circuit.
 Dec. 20, 1996.
 
 ORDER AND JUDGMENT*
 Before PORFILIO, ALARCON,** and LUCERO, Circuit Judges.
 LUCERO, Circuit Judge.
 
 
 1
 Defendant-appellant Laster David Tyler appeals from the sentence imposed for his two convictions for distribution and possession, with intent to distribute, cocaine base, in violation of 21 U.S.C. § 841.[1] Defendant argues (1) this court should reconsider the issue of whether the more harsh sentences provided for convictions involving cocaine base, as compared to convictions involving powder cocaine, deprive African-Americans equal protection under the law; and (2) even if this sentencing disparity is constitutional, the district court erred in refusing to acknowledge that it had discretion to consider a downward departure from the guidelines' sentencing determination, based upon the Sentencing Commission's report to Congress recommending elimination of this sentencing disparity. Congress subsequently rejected that recommendation. We review de novo. See United States v. Maples, 95 F.3d 35, 37 (10th Cir.1996); United States v. Angulo-Lopez, 7 F.3d 1506, 1508 (10th Cir.1993), cert. denied, 114 S.Ct. 1563 (1994).
 
 
 2
 This circuit has repeatedly rejected equal protection challenges to the sentencing disparity between cocaine base and powder cocaine convictions. E.g., United States v. McKneely, 69 F.3d 1067, 1080 (10th Cir.1995); United States v. Williamson, 53 F.3d 1500, 1530 (10th Cir.), cert. denied, 116 S.Ct. 218 (1995). Defendant's argument that Congress's rejection of the Sentencing Commission's recommendation to eliminate this sentencing disparity requires reconsideration of these holdings does not free us from the binding precedent of circuit authority. This panel cannot overrule existing precedent absent en banc consideration or a superseding contrary decision of the United States Supreme Court. Haynes v. Williams, 88 F.3d 898, 900 n. 4 (10th Cir.1996).
 
 
 3
 The district court did not have discretion to grant a downward departure based upon the Sentencing Commission's recommendation, which was subsequently rejected by Congress. Maples, 95 F.3d at 37.
 
 
 4
 The judgment of the United States District Court for the District of Colorado is, therefore, AFFIRMED.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 **
 Honorable Arthur L. Alarcon, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument