**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 8, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

JOE HIGHTOWER,

     Defendant-Appellant.

No. 08-1501

(D.C. No. 02-CR-0040-D)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY, BRISCOE,** and **HOLMES**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. <u>See</u> Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

Defendant Joe Hightower appeals the district court's partial denial of his motion for a sentence modification pursuant to 18 U.S.C. § 3582(c)(2). We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I

In May 2002, Hightower was convicted by a jury of twelve drug-related offenses, ten of which involved the possession of crack cocaine with the intent to distribute. After trial, Hightower pled guilty to a single count of possession of a firearm by a previously convicted felon.[1] Hightower was sentenced in connection with these convictions to a term of imprisonment of 319 months. Hightower's convictions and sentence were affirmed on direct appeal. United States v. Hightower, 94 Fed. App'x 750 (10th Cir. 2004).

On November 1, 2007, the United States Sentencing Commission promulgated Amendment 706, which amended the Drug Quantity Table in U.S.S.G. § 2D1.1(c). U.S.S.G. App. C, Amend. 706 (2007). Amendment 706 provided a 2-level reduction in base offense levels for crack cocaine-related offenses. See id. On December 11, 2007, the Sentencing Commission promulgated Amendments 712 and 713 which, together, operated to make Amendment 706 retroactive. Amendments 712 and 713 themselves became effective as of March 3, 2008.

On October 10, 2008, Hightower filed a motion pursuant to § 3582(c)(2) asking the district court to reduce his sentence based on Amendment 706. ROA, Vol. II at 41. Hightower asserted in his motion that application of the amended guidelines for crack cocaine-related offenses would result in a significant lowering of his guideline range.

_____

[1] Although this count was contained in the same indictment as the drug-related counts, it had been severed from those counts for purposes of trial.

Hightower also argued that his age (59 years old at the time he filed his motion), the relatively small likelihood of recidivism, his exemplary post-conviction behavior, and his regular contact with his family all favored a further reduction in his sentence. In sum, Hightower suggested that a reasonable reduction "would still result in [him] being incarcerated until he [wa]s in his mid-sixties (165 months)," and he asserted that this "would be more than a reasonable period of incarceration to effectuate the purpose of [18 U.S.C.] § 3553(a)." Id. at 45.

The government, in its response to Hightower's motion, conceded that Hightower was "eligible for a limited sentence reduction" pursuant to Amendment 706. Id. at 51. The government argued, however, that "[t]o the extent" Hightower was "seek[ing] a complete reevaluation of his sentence [pursuant to § 3553(a)], [his] request [wa]s without sufficient basis in law" and should be denied. Id.

On December 19, 2008, the district court held a hearing on Hightower's motion. At the conclusion of the hearing, the district court granted Hightower's motion to the extent it sought a reduction pursuant to Amendment 706 and reduced his sentence from 319 months to 257 months. The district court concluded, however, that in light of this court's decision in United States v. Rhodes, 549 F.3d 833 (10th Cir. 2008), it lacked "discretion to consider [§] 3553(a) factors" and further reduce Hightower's sentence based on the additional mitigating factors cited in Hightower's motion. ROA, Vol. 3 at 32.

3

## II

On appeal, Hightower argues that the district court erred in concluding it lacked authority, in the context of considering his motion for reduction of sentence under § 3582(c)(2), to reassess the § 3553(a) factors and impose a sentence below the amended guideline range. Although Hightower concedes that his position is directly contrary to our decision in Rhodes, he contends that Rhodes was wrongly decided. Indeed, Hightower contends that Rhodes was effectively overruled by the Supreme Court in its recent decision in Nelson v. United States, 129 S.Ct. 890 (2009).

Reviewing Hightower's arguments de novo, Rhodes, 549 F.3d at 837; United States v. Sharkey, 543 F.3d 1236, 1238 (10th Cir. 2008), we disagree. The defendant in Rhodes, like Hightower, argued that "a hearing pursuant to § 3582(c)(2) is [effectively] a new sentencing hearing," and therefore the decision in United States v. Booker, 543 U.S. 220 (2005) "is applicable and the guidelines . . . must be considered advisory." 549 F.3d at 839 (internal quotation marks omitted). We rejected those arguments, emphasizing that "there are clear and significant differences between original sentencing proceedings and sentence modification proceedings." Id. at 840. In particular, we noted that sentence modification proceedings are governed by a different statute than original sentencing proceedings, and, as a result, "are much more narrow in scope than original sentencing proceedings." Id. In addition, we held, for several reasons, "that Booker simply has no bearing on sentencing modification proceedings conducted under § 3582(c)(2)." Id. Finally, after examining the text of § 3582(c)(2) and the Sentencing Commission's policy

4

statements in U.S.S.G. § 1B1.10, we held that a district court, in modifying a defendant's sentence, lacks authority to impose a modified sentence that falls below the amended guideline range.  Id. at 841.

Absent an intervening en banc decision from this court or a superseding contrary decision by the Supreme Court, Rhodes is binding on Hightower.  United States v. Mitchell, 518 F.3d 740, 752 n.14 (10th Cir. 2008).  Although Hightower suggests that Nelson represents just such a superseding contrary decision, we disagree.  Nelson involved a direct review of an original sentencing proceeding, not a sentence modification proceeding under § 3582(c)(2).  129 S.Ct. at 891-92 (outlining procedural history of the case).  Thus, it is inapposite.

In sum, we conclude the district court correctly concluded, consistent with Rhodes, that in modifying Hightower's sentence pursuant to § 3582(c)(2), it lacked discretion to reassess the § 3553(a) factors and impose a sentence below the amended guideline range.

The judgment of the district court is AFFIRMED.


Entered for the Court


Mary Beck Briscoe
Circuit Judge

5