FILED
United States Court of Appeals
Tenth Circuit

June 13, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RONALD C. TENORIO,

Defendant - Appellant.

No. 12-1294

(D. Colo.)

(D.C. No. 1:11-CR-00375-CMA-7)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **BRORBY**, and **MURPHY**, Circuit Judges.

I.     **Introduction**

A multi-count indictment charged appellant Ronald C. Tenorio with drug

and firearm crimes.  Tenorio entered into a written agreement with the

Government and pleaded guilty to Counts Two, Three, and Fourteen.  Consistent

with that agreement, the Government filed a written motion pursuant to USSG

§ 5K1.1 and 18 U.S.C. § 3553(e), agreeing to a downward departure from the

statutory minimum sentences for Counts Two and Three.  After the Government

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

orally amended its motion during the sentencing hearing, the district court granted the departure and sentenced Tenorio to sixty months' imprisonment on the two counts. In addition, the court imposed a consecutive eighty-four-month sentence for the Count Fourteen firearm conviction. *See* 18 U.S.C. § 924(c)(1)(A)(ii). Tenorio appeals, arguing the district court erred by refusing to also depart downward from the statutory minimum sentence on Count Fourteen.

Exercising jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we **affirm** the sentence imposed by the district court.

## II.    Background

Tenorio was indicted on seven counts relating to his drug trafficking activities. He pleaded guilty to three of those counts: two counts of knowing possession with intent to distribute more than fifty grams of methamphetamine ("Count Two" and "Count Three") and one count of using a firearm during and in relation to a federal felony drug trafficking crime ("Count Fourteen"). The remaining counts were dismissed on the Government's motion pursuant to the terms of the written plea agreement. A Presentence Investigation Report ("PSR") was prepared prior to sentencing. The PSR calculated a base offense level of thirty-four. It then reduced the offense level three levels pursuant to USSG § 3E1.1(a) for acceptance of responsibility, resulting in a total offense level of thirty-one. The PSR assigned two criminal history points which corresponded to

a criminal history category of II. The offense level combined with the criminal history category resulted in an advisory guidelines sentencing range of 121 to 151 months' imprisonment. The PSR correctly noted that the statutory minimum sentence for Counts Two and Three is 120 months' imprisonment and the statutory minimum for Count Fourteen is eighty-four months consecutive to any other sentence imposed.

Before sentencing, the Government filed a motion asking the district court to depart downward to forty percent below the bottom of the advisory guidelines range for Counts Two and Three. The Government's motion was consistent with the terms of the plea agreement which states, in part: "[T]he Government anticipates filing a § 5K1.1 and Section 3553(e) motion calling for a reduction of the Defendant's sentence to imprisonment from the otherwise applicable guideline and statutory minimum mandatory sentences for Count Two and Count Three based on substantial cooperation and assistance . . . ." Tenorio also filed a presentencing motion, asking for both a downward departure and a downward variance based on his extraordinary physical impairment. He requested a sentence of not more than sixty months' imprisonment.

During the sentencing hearing, the district court recognized it lacked discretion to depart or vary below the statutory minimum of 120 months in the absence of a motion by the Government based on Tenorio's substantial assistance. *See* 18 U.S.C. § 3553(e) ("Upon motion of the Government, the court shall have

-3-

the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense."); *see also United States v. A.B.*, 529 F.3d 1275, 1280 (10th Cir. 2008) ("As a matter of law, the district court [is] not authorized . . . to consider factors other than substantial assistance in sentencing below the statutory minimum."). The Government's motion recommended a departure to approximately seventy-two months' imprisonment on the basis of substantial assistance. The Government, however, orally amended its motion during the hearing to recommend a departure of approximately fifty-one percent below the bottom of the advisory guidelines range, or a sentence of sixty months. The district court indicated its inclination to grant the Government's motion and depart to a sentence of sixty months on Counts Two and Three. It also clearly recognized the Government's motion did not authorize any departure from the consecutive, statutory minimum mandatory sentence of eighty-four months on Count Fourteen.

Before imposing sentence, the court heard from Tenorio's attorney who argued the Government's motion also related to the eighty-four-month consecutive sentence on the firearm charge. The district court refused to depart from the eighty-four-month sentence, stating it had no authority to depart below a statutory sentence even if the Government so moved. *But see United States v. Campbell*, 995 F.2d 173, 175 (10th Cir. 1993) (holding a district court may depart

-4-

below a statutory mandatory minimum upon motion of the Government).  The
court sentenced Tenorio to sixty months' imprisonment as to Counts Two and
Three, both terms to run concurrently, and a term of eighty-four months as to
Count Fourteen, that term to run consecutively to the sixty months.  Tenorio
appeals the sentence imposed as to Count Fourteen, arguing the district court
erred by refusing to depart below the statutory minimum of eighty-four months.

## III.   Discussion

This court reviews *de novo* a district court's decision that it lacks authority
to grant a downward departure.  *See United States v. Maples*, 95 F.3d 35, 37 (10th
Cir. 1996) (addressing downward departures from guidelines sentences); *see also*
*United States v. Fonseca*, 473 F.3d 1109, 1112 (10th Cir. 2007) (holding the
paradigm for reviewing downward departures continues to apply after the
Supreme Court's decision in *Booker*).  Tenorio argues the district court refused to
depart downward from the eighty-four-month sentence because it erroneously
believed it lacked discretion to depart from the minimum mandatory sentence
prescribed by 18 U.S.C. § 924(c) even if the Government moved for a departure
pursuant to § 5K1.1 and 18 U.S.C. § 3553(e).  He asserts the plain language of §
3553(e) permits such a downward departure and applies generally to all minimum
sentences established by statute, including the eighty-four-month sentence
established by § 924(c)(1)(A)(ii).  *See United States v. James*, 468 F.3d 245, 248
(5th Cir. 2006) (holding "the district court had the authority to depart below the

statutory minimum of section 924(c) based on the Government's section 3553(e) motion"). The Government does not disagree. Instead, the Government asserts any error committed by the district court was harmless because the court lacked authority to depart downward for a wholly independent reason—the Government's § 5K1.1 motion does not apply to Count Fourteen.

Despite Tenorio's assertions to the contrary, the record fully supports the Government's position. The plea agreement contemplates that the Government's § 5K1.1 motion will not apply to Count Fourteen, stating, in part: "[T]he parties stipulate and agree that as to Count Fourteen the defendant should receive the seven year mandatory consecutive sentence for brandishing while using a firearm during a drug trafficking offense." The § 5K1.1 motion does not mention Count Fourteen, and specifically states the reduction sought is "in accordance with the plea agreement." At the outset of the sentencing hearing, the district court asked the Government whether its motion applied to the statutory mandatory sentence for Count Fourteen and the Government confirmed that it did not. Tenorio asserts the Government's oral amendment of its motion extended the motion to encompass Count Fourteen as well as Counts Two and Three. The record provides no support for this assertion, instead confirming the motion was amended only to increase the amount of the departure on Counts Two and Three.

In the absence of a motion from the Government or some other statutory exception, a district court does not have authority to sentence a defendant below a

-6-

statutory minimum. *A.B.*, 529 F.3d at 1280. Because no such motion was made with respect to Count Fourteen, the district court had no authority to depart below the eighty-four-month sentence prescribed by § 924(c)(ii).

**IV.    Conclusion**

The sentence imposed by the district court is **affirmed**.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge